# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CHRISTOPHER D. MILLS,**

    **Plaintiff,**

v.                                                                 **Case No: 5:22-cv-69-WFJ-PRL**

**SARAH REED, A.B. ATKINSON,**
**SUMTER C.I., and FLORIDA**
**DEPARTMENT OF CORRECTIONS,**

    **Defendants.**
_____/

## ORDER

Plaintiff, proceeding *pro se*, is currently incarcerated in the Florida Department of Corrections. This case is before the Court for screening pursuant to the Prison Litigation and Reform Act (PLRA). The PLRA directs the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] The Court must liberally construe a *pro se* Plaintiff's allegations.[2]

## Claims

In his Complaint, Plaintiff sues two Department of Corrections staff members

---

[1] *See* 28 U.S.C. §§ 1915A, 1915(e)(2).

[2] *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

at Sumter Correctional Institution: Lieutenant Sarah Reed and Sergeant A.B. Atkinson. (Doc. 1 at 2). Plaintiff also names Sumter Correctional Institution and the Florida Department of Corrections as defendants. *Id*. at 3. Specifically, Plaintiff claims on or about 6:30 p.m. on April 5, 2021, he suffered a medical emergency after accidentally ingesting cleaning chemicals. *Id*. at 5, 12-16. Lt. Reed and Sgt. Atkinson responded to a call for assistance but stood-by "for over an hour." *Id*. at 12-13. During that hour, Plaintiff was screaming in pain, going in and out of consciousness, slipping and falling, removed all his clothing, and lost control of his bowels. *Id*. After the hour, Plaintiff was sprayed with mace, placed in hand restraints, and taken to a cold-water shower. *Id*. at 13. Plaintiff was then seen by a nurse, fitted for a spit mask due to him vomiting, put in a "turtle suit (suicide suit)" and taken to a suicide watch cell. *Id*.

     A shift change occurred shortly after Plaintiff was placed in the cell and a new correctional officer was put on duty outside the cell. *Id*. at 13-14. Plaintiff had no control of his bodily functions and was vomiting and defecating on himself and was begging the new officer to call 911. *Id*. at 14. At around 8:30 p.m., Plaintiff was taken back to a cold shower then transferred in a wheelchair to medical. *Id*. Plaintiff was then transferred to an outside hospital by E.M.S., where he spent 2 days for treatment. *Id*. at 14-15. Plaintiff claims that he suffered unnecessarily due to Lt. Reed ignoring his pleas for help. For relief, Plaintiff seeks Lt. Sarah Reed to be fired and criminal charges be filed and brought against her and for monetary damages. *Id*. at 5.

### **Plaintiff Cannot Seek Criminal Charges**

If Plaintiff believes that the Lt. Reed's actions were a violation of criminal law, Plaintiff cannot have this Court prosecute criminal charges against her as "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990) (citing *Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978); *see also United States v. Giannattasio*, 979 F.2d 98, 100 (7th Cir. 1992). Accordingly, the prosecution of Lt. Reed is not available through this lawsuit.

### **Eleventh Amendment Immunity**

The Eleventh Amendment provides that: "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. "The Amendment not only bars suits against a state by citizens of another state, but also applies equally to suits against a state initiated by that state's own citizens." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999), *cert. denied*, 529 U.S. 1012 (2000).

While the text of the amendment does not explicitly so provide, the Supreme

Court has held that the Eleventh Amendment serves as a jurisdictional bar to a suit against a state in federal court unless: (1) the state has explicitly consented to suit, thus waiving its sovereign immunity; or (2) Congress has specifically abrogated a state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 444 (1996). In *Zatler v. Wainwright*, the Eleventh Circuit found that Congress did not intend to abrogate a state's Eleventh Amendment immunity in § 1983 damage suits, and Florida has not waived its sovereign immunity in such suits. 802 F.2d 397, 400 (11th Cir. 1986) (finding that the Secretary of Florida Department of Corrections was immune from suit in his official capacity where the § 1983 complaint alleged that prison officials failed to protect prisoner from sexual assault) (citing *Gamble v. Fla. Dep't of Health and Rehab. Servs.*, 779 F.2d 1509, 1513-20 (11th Cir. 1986) (dismissing § 1983 complaint for lack of jurisdiction upon finding that Florida has not waived its Eleventh Amendment sovereign immunity)). "It is clear … that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted).

Finally, the law is well settled that, absent several limited exceptions, the Eleventh Amendment is an absolute bar to suit for monetary damages by an individual against a state or its agencies, or against officers or employees of the state or its agencies in their official capacities. *Edelman v. Jordan*, 415 U.S. 651 (1974); *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139. 145-46 (1993); *Seminole*

*Tribe of Florida*, 517 U.S. at 58; *Carr v. City of Florence*, 916 F.2d 1521, 1524 (11th Cir. 1990).

Based on the foregoing, Plaintiff's claims against Sumter Correctional Institution and the Florida Department of Corrections are due to be dismissed. Further, Plaintiff's claims against Sgt. Atkinson in his official capacity are due to be dismissed.

### Action Under § 1983

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Section 1983 "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986). The Eleventh Circuit has held that § 1983 claimants must allege facts to support their claims with some specificity. *Wilson v. Strong*, 156 F.3d 1131, 1135 (11th Cir. 1998).

Here, for the basis for jurisdiction, Plaintiff selected that he is bringing his suit against "State or local officials (a § 1983 claim)." (Doc. 1 at 3). However, Plaintiff lists the following as "federal constitutional or statutory rights(s)" he claims are being violated: "negligence, cruel and unusual punishment, malpractice, tampering with legal mail." *Id*. Based on the allegations in the Complaint is unclear if Plaintiff is trying to plead a federal § 1983 claim, a state tort claim, or both.

## Conclusion

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's claims against Defendants A.B. Atkinson, Sumter Correctional Institution, and the Florida Department of Corrections are **DISMISSED** without prejudice for failure to state a claim.

2. To the extent that Plaintiff wishes to cure the deficiencies of his Complaint, he may file an Amended Complaint on the standard Civil Rights Complaint form by **June 29, 2022**. If Plaintiff fails to file an Amended Complaint, the case will proceed against Defendant Sarah Reed, in her individual capacity only.

**DONE** and **ORDERED** in Tampa, Florida on June 8, 2022.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Pro Se Party